UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2022

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| v. | : | MAGISTRATE NO. 22-MJ-235 |
| BARTWONE COPELAND, FRANCIS WHITE, and ADRIAN WADE, | : | VIOLATIONS: 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) 21 U.S.C. § 841(a)(1) and § 841(b)(1)(b)(iii) (Unlawful Possession with Intent to Distribute 28 Grams or More of a Mixture Containing Cocaine Base) 18 U.S.C. § 924(c)(1) (Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense) |
| Defendants. | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2016-CF3-19041, 2016-CF2-12496, 2015-CF2-7404, and 2015-CF3-5206, did unlawfully

and knowingly receive and possess a firearm, that is, a Glock 23, .40 caliber semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, did unlawfully, knowingly, and intentionally possess with intent to distribute more than 28 grams of a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

**(Unlawful Possession with Intent to Distribute 28 Grams or more of a Mixture Containing Cocaine Base, also known as Crack**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(b)(iii))

## COUNT THREE

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the United States, that is, Count Two of this Indictment, which is incorporated herein, a firearm, that is, a Glock 23, .40 caliber semi-automatic firearm.

**(Using, Carrying, and Possessing a Firearm During a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1))

### COUNT FOUR

On or about November 3, 2021, within the District of Columbia, **FRANCIS WHITE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2018-CF3-15028 and 2017-CF2-18113, along with Prince George's County Circuit Court Case No. CT120308A, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 17, 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,** in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT FIVE

On or about November 3, 2021, within the District of Columbia, **ADRIAN WADE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case No. 2015-CF3-1931, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 23, .40 caliber semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

>**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year,** in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Counts One, Three, Four, and Five of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to: a Glock 23, .40 caliber semi-automatic firearm and .40 caliber ammunition; a Glock 17, 9mm caliber semi-automatic firearm and 9mm caliber ammunition; and a Glock 23, .40 caliber semi-automatic firearm and .40 caliber ammunition.

2.      Upon conviction of the offenses alleged in Counts One, Two, Three, Four, or Five of this indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

4

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.


*Matthew M. Graves*

Attorney of the United States in
and for the District of Columbia.