UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2023

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 22-CR-378 (DLF) |
| | : | |
| v. | : | |
| | : | |
| BARTWONE COPELAND, | : | |
| FRANCIS WHITE, and | : | |
| LEROY FRYE | : | VIOLATIONS: |
| | : | 18 U.S.C. § 922(g)(1) |
| Defendants. | : | (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year) |
| | : | 21 U.S.C. § 846 |
| | : | (Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing 40 Grams or more of a Mixture Containing Fentanyl and Cocaine Base) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(b)(vi) |
| | : | (Unlawful Possession with Intent to Distribute 40 Grams or More of a Mixture Containing Fentanyl) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(b)(vi) |
| | : | (Unlawful Possession with Intent to Distribute of a Mixture Containing Cocaine Base) |
| | : | 18 U.S.C. § 924(c)(1)(B)(ii) |
| | : | (Using, Carrying and Possessing a Machinegun During a Drug Trafficking Offense) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c) |

## SUPERSEDING I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2016-CF3-19041, 2016-CF2-12496, 2015-CF2-7404, and 2015-CF3-5206, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 23, .40 caliber semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT TWO

Beginning on or about at least May 1, 2021, and continuing through November 3, 2021, within the District of Columbia, **BARTWONE COPELAND,** and co-conspirators not indicted herein, who are known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, and agree together, and with other persons, to unlawfully, knowingly, and intentionally distribute and possess with intent to distribute more than 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1-( 2-phenylethyl ) -4-piperidinyl] propanamide, also known as fentanyl, a Schedule II drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi); a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and

841(b)(1)(C).

**(Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing 40 Grams or more of a Mixture Containing N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide, also known as Fentanyl, and Cocaine Base, also known as Crack,** in violation of Title 21, United States Code, Section 846)

## COUNT THREE

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, did unlawfully, knowingly, and intentionally possess with intent to distribute more than 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[ 1- ( 2-phenylethyl ) -4-piperidinyl ]propanamide, also known as fentanyl, a Schedule II drug controlled substance.

**(Unlawful Possession with Intent to Distribute 40 Grams or more of a Mixture Containing N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propanamide, also known as Fentanyl**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vi))

## COUNT FOUR

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, did unlawfully, knowingly, and intentionally possess with intent to distribute more a mixture and substance containing a detectable amount of cocaine base, also known as crack, a Schedule II narcotic drug controlled substance.

**(Unlawful Possession with Intent to Distribute Cocaine Base, also known as Crack**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FIVE

On or about November 3, 2021, within the District of Columbia, **BARTWONE COPELAND**, did unlawfully and knowingly use, and carry during and in relation to, and possess in furtherance of, a drug trafficking offense, for which he may be prosecuted in a court of the

United States, that is, Counts Two, Three, and Four of this Indictment, which is incorporated herein, a machinegun, that is, a Glock 23, .40 caliber semi-automatic pistol, equipped with a device that converted the pistol into a weapon which shot, and was designed to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

**(Using, Carrying, and Possessing a Machinegun During and in Relation to, and in Furtherance of, a Drug Trafficking Offense**, in violation of Title 18, United States Code, Sections 924(c)(1)(B)(ii))

### COUNT SIX

On or about November 3, 2021, within the District of Columbia, **FRANCIS WHITE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2018-CF3-15028 and 2017-CF2-18113, along with Prince George's County Circuit Court Case No. CT120308A, did unlawfully and knowingly receive and possess a firearm, that is, a Glock 17, 9mm semi-automatic firearm, and did unlawfully and knowingly receive and possess ammunition, that is, 9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

### COUNT SEVEN

On or about November 3, 2021, within the District of Columbia, **LEROY FRYE**, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court for the District of Columbia, Criminal Case Nos. 2017-CF2-7677, 2017-CF2-7664, and 2010-CF2-12478, did unlawfully and knowingly receive and possess a firearm, that is, a FN FNS, .40 caliber semi-automatic firearm, and did unlawfully and knowingly

receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Counts One, Four, Five, Six, and Seven of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of these offenses, including but not limited to: a Glock 23, .40 caliber semi-automatic firearm and .40 caliber ammunition; a Glock 17, 9mm caliber semi-automatic firearm and 9mm caliber ammunition; a Glock 23, .40 caliber semi-automatic firearm and .40 caliber ammunition, and a FN FNS, .40 caliber semiautomatic firearm and .40 caliber ammunition.

2. Upon conviction of the offenses alleged in Counts One, Two, Three, Four, Five, Six, and Seven of this indictment, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses. The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, these offenses.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be subdivided without difficulty;

the defendants shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

**(Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States Code, Section 2461(c))

A TRUE BILL:

FOREPERSON.

*Matthew M. Graves*

Attorney of the United States in
and for the District of Columbia.

6